UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PALUDA and ROBERT HALL,

        Plaintiffs,

v.                                       Case number 07-10849

THYSSENKRUPP BUDD COMPANY,        Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On February 26, 2007, the Defendant, ThyssenKrupp Budd Company, removed this case[1] from a state court (the Wayne County Circuit Court of Michigan) to this federal court based on its original federal question jurisdiction pursuant to 28 U.S.C. § 1331. A motion to remand this case to state court filed by the Plaintiffs, William Paluda and Robert Hall, was denied by the Court on June 28, 2007. Approximately one month later (July 23, 2007), the Defendant filed a motion to dismiss the complaint, contending that the Plaintiffs had failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Plaintiff opposes this motion, though not by addressing the merits of the Defendant's motion, but rather by renewing its request that the Court remand the case to the Wayne County Circuit Court of Michigan.

Under Fed. R. Civ. P. 12 (b)(6), a party may make a motion to dismiss for "failure to state a claim upon which relief can be granted." When evaluating a motion to dismiss, a court is obliged to (1) construe the complaint in a light that is most favorable to the plaintiff, (2) accept its factual allegations as true, and (3) determine if there are any facts that can be established by the plaintiff

---

[1] The Plaintiffs in this case contend that the Defendant subjected each of them to unlawful acts of discrimination on the basis of their ages. These charges have been denied by the Company.

which could successfully challenge the movant's dispositive request for relief. *First American Title Co. v. Devaugh*, 480 F.3d 438, 443 (6th Cir. 2007). In order to survive a motion to dismiss, a claim "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id* at 444.

In the present case, the Plaintiffs claim that they were (1) subjected to unlawful acts of discrimination because of their ages[2] and (2) the victims of "reverse-discrimination." In its opposition papers, the Defendant submits that the Plaintiffs' accusations fail to establish any viable claims for which relief can be granted because the two federal statutes upon which they rely (to wit, Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a)), have been previously determined by the Court to be laws that preempted their claims of discrimination under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §37.201, *et seq*.

Initially, the Defendant argues that the Plaintiffs' state law age discrimination claim fails because the Age Discrimination in Employment Act ("ADEA") neither protects individuals under the age of forty nor does it permit a claim for reverse age discrimination. Second, the Defendant maintains that the Plaintiffs have not asserted a claim under § 301 of the LMRA which, in effect, mandates a dismissal of their complaint which alleges discrimination under state law. In their response to the Defendant's motion, the Plaintiffs have not disputed either of these arguments.

Several years ago, the Supreme Court declared that the Age Discrimination in Employment Act of 1967 ("ADEA") "forbids discriminatory preference for the young over the old," but it does not prohibit favoring the old over the young. *General Dynamics Land Systems, Inc. v. Cline,* 540

---

[2]On the date when the Company closed its Detroit facility, both of the Plaintiffs were thirty-nine years old.

U.S. 581, 584 (2004). The Supreme Court also opined that (1) when enacted, the purpose of the ADEA was to protect those "at least forty years of age but less than sixty-five years of age" and (2) "the ADEA was concerned to protect a relatively old worker from discrimination that works to the advantage of the relatively young." *Id*. at 590-591. The Plaintiffs do not dispute that they were thirty-nine years old at the time of the plant closing. With regard to their age discrimination claim, it is clear to the Court that the Plaintiffs have failed to state a claim under the ADEA for which relief may be granted.

Finally, the Defendant argues that the complaint which alleges acts of state law discrimination should be dismissed because neither of the Plaintiffs have pled a viable claim under § 301 of the LMRA. The Plaintiffs do not contest the Defendant's argument on this issue. A careful review of the complaint supports the Defendant's position on this issue.

Because the Plaintiffs have failed to state a claim upon which relief may be granted, the Defendant's motion to dismiss is granted. The Plaintiff's "renewed request" to remand, for which they raise no new arguments as to why it should be granted, must be denied for the reasons that were stated by the Court in its June 28, 2007 order.

IT IS SO ORDERED.

Dated: January 9, 2008　　　　　　　　　　　　s/ Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

Certificate of Service

I hereby certify that on January 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk